NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANTONIO MACALUSO, PETITIONER, v. CARMINE DI SALVA, RESPONDENT.

### Hernia—Evidence Showed It to be of Slow Growth and Not the Result of the Accident Alleged.

On determination and· rule for judgment.

For the petitioner, *J. Gordan Gant.*

For the respondent, *Charles W. Weeks.*

This matter coming on to be heard on petition, answer and proofs taken in open court, in the presence of J. Gordon Gant, Esq., attorney for petitioner, and Charles W. Weeks, Esq., attorney for respondent, and the court having heard the testimony offered in behalf of· the parties and the argument of respective counsel, finds and determines as follows:

I find from the evidence that the petitioner, on the 18th day of May, 1925, was employed by the respondent as a baker. While the petitioner testified that during the course of his employment a bag of flour fell upon him, he is the only one who testifies to this, and from his cross-examination I am not convinced that the accident happened in the way and manner in which he detailed. I am not, however, obliged to determine the matter on this phase of the case, because, assuming that there was an accident, the petitioner has failed to bring the case within the provision of the act dealing with hernia. There is no proof of any rupture or tearing of the abdominal wall, and it appears affirmatively from the hospital records introduced upon the petitioner's case that when he was admitted to that institution the day following the happening of this accident he had been suffering with the left inguinal hernia for twelve years, and that

it grew to such a size as to become strangulated on the night of May 18th, 1925. It also appeared that the sac contained the intestine but no omentum, and that there was an absence at that time of any evidence of cyanosis, ædema, pallor or eruptions, and I think the only reasonable conclusion that can be drawn from this testimony is that the heria complained of in the petition is one of slow growth and not caused by the alleged accident, and, therefore, not compensable under our statute.

It is therefore, on this 14th day of November, 1925, ordered, adjudged and decreed that the petition filed in the above-entitled case be and the same is hereby dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*